UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Jorgelina Abreu Gil,
Julio Alvarado,
Hector Salazar Herrera,
Zoraida Gonzalez,
Yesenia Rodriguez,
Jose Rivera,
Fabian Morgan,
Victoria Palma Brea,
Cristopher Santos Felix,
John Manuel Mejia,
Jose Jimenez Hidalgo,
Francisco Salazar, and
Nelson Diaz, a/k/a "Abdul Alamin,"

Defendants

**Protective Order**

**20 Cr. 199 (KMW)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/20

Upon the application of the United States of America and the defendants having requested discovery under Rule 16 of the Federal Rules of Criminal Procedure, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include, as detailed below, material that affects the privacy of individuals, and material that affects the safety of certain victims of the charged offenses.

2. **Confidential Disclosure Material.** Certain of the Government's Disclosure Material, referred to herein as "Confidential Disclosure Material ," may include material that (i) affects the privacy and confidentiality of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Among other things, the Confidential Disclosure Material may include (a) information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein, or (b) medical or financial information of witnesses or other third parties. The Government will label Confidential Disclosure Material as such or as "Confidential" on a letter accompanying the Disclosure Material or on the Disclosure Material itself. The Government's designation of material as Confidential Disclosure Material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the confidential and Confidential Disclosure Material. It will also afford the defense prompt access to those materials, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Confidential Disclosure Material shall not be disclosed by counsel for a defendant, including any successor counsel ("Defense Counsel"), other than as set forth herein, and shall be used solely for purposes of defending this action:

a. Defense Counsel shall not post any Confidential Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Disclosure Material to the media or any third party except as set forth below.

b. Confidential Disclosure Material may be disclosed by Defense Counsel to a defendant for purposes of review related to this case. A defendant may not disclose Confidential Disclosure Material except as set forth herein.

c. Confidential Disclosure Material may be disclosed by Defense Counsel to the following persons (hereinafter "Designated Persons"):

   i. investigative, secretarial, clerical, paralegal, and student personnel employed full-time or part-time by a defendant's attorney;

   ii. independent expert witnesses, investigators or advisors retained by a defendant's attorney in connection with this action;

   iii. prospective witnesses and their counsel, to the extent deemed necessary by Defense Counsel for the purposes of this criminal proceeding, except that Confidential Disclosure Material shall not be electronically transmitted to such prospective witnesses or their counsel and shall not be possessed by such prospective witnesses or their counsel except in the presence of Defense Counsel. Notwithstanding the above, Confidential Disclosure Material may be transmitted electronically to expert witnesses, investigators, or advisors retained by the defendant's counsel in connection with this action, and such expert witnesses, investigators, or advisors may possess Confidential Disclosure Material outside of the presence of Defense Counsel; or

iv. such other persons as hereafter may be authorized by the Court upon such motion by a defendant.

d. The defendant and Defense Counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Disclosure Material pursuant to Paragraph 8(c). Designated Persons shall be subject to the terms of this Order.

e. The Government may authorize, in writing, disclosure of Confidential Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

6. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Confidential Disclosure Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Rule 49.1 of the Federal Rules of Criminal Procedure.

7. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including the seized ESI Disclosure Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If Disclosure Material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

8. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material or the Government's ESI production. All such persons shall be subject to the terms of this Order.

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

SO ORDERED:

Dated: New York, New York
      April 16, 2020

                                                          THE HONORABLE KIMBA M. WOOD
                                                          UNITED STATES DISTRICT JUDGE